RONALD J. TENPAS
Assistant Attorney General
STEPHEN G. BARTELL
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663, Washington, D.C. 20044
Telephone: (202) 305-0234
Facsimile: (202) 305-0506
Email: *Stephen.Bartell@usdoj.gov*

GREGORY A. BROWER
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Email: *Blaine.Welsh@usdoj.gov*

Attorneys for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:07-cv-01154-RCJ-RJJ |
| | ) |
| v. | ) |
| | ) ***UNOPPOSED* MOTION BY PLAINTIFF,** |
| WAYNE N. HAGE, Executor of the | ) **DEFENDANT ESTATE OF E. WAYNE** |
| ESTATE OF E. WAYNE HAGE, | ) **HAGE AND DEFENDANT WAYNE N.** |
| BENJAMIN J. COLVIN, Individually and | ) **HAGE AND MEMORANDUM OF POINTS** |
| as an Officer of COLVIN CATTLE | ) **AND AUTHORITIES IN SUPPORT** |
| CO., INC., Colvin Cattle Co., Inc., a | ) **THEREOF, FOR MODIFICATION OF** |
| Corporation, AND WAYNE N. | ) **ORDER SCHEDULING SETTLEMENT** |
| HAGE, Individually, | ) **CONFERENCE** |
| Defendants. | ) |
| _____ | ) |
| | ) |
| COLVIN CATTLE CO., INC. | ) |
| | ) |
| Counter-claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Counter-defendant. | ) |

The United States of America, Plaintiff, by and through undersigned counsel, Wayne N. Hage, as Executor of the Estate of E. Wayne Hage, by and through undersigned counsel, and Wayne N. Hage, *pro se*, respectfully move the Court to modify its order dated August 27, 2009. The Parties' argument in support of its motion is fully set forth below in its memorandum of points and authorities in support thereof.  This motion is joint and unopposed.

For the reasons set forth below, the Parties' respectfully move the Court to grant this unopposed motion and modify the Court's order permitting counsel for the Parties' to fully and meaningfully participate in the Settlement Conference on October 2, 2009.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

The Parties' respectfully move the Court to modify its order dated August 27, 2009.

### **I. Background**

On August 27, 2009, the Court issued an Order Scheduling a Settlement Conference in this case and, among other things, ordering that

> clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference.  This requires the presence if the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client.  For a Defendant, such representative must have final settlement authority to commit the organization to pay, <u>in the representative's own discretion</u>, a settlement amount up to the Plaintiff's prayer, or up to the Plaintiff's last demand, whichever is lower.  For a Plaintiff, such representative must have final authority, <u>in the representative's own discretion</u>, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the Defendant's last offer.

*See* Order Scheduling Settlement Conference at pp. 1-2.

The Parties respectfully move this Court for a modification of the Court's order dated August 27, 2009, to permit counsel for the Parties to fully and meaningfully participate in the Settlement Conference.  Plaintiff has also respectfully submitted, along with this motion, a proposed order for the Court's consideration (which has been modified from the August 27, 2009

order by the inclusion of two additional sentences, which are italicized).  The motion and proposed order are unopposed.[1]

## II.  Argument Relating to Plaintiff

Plaintiff fully supports the use of settlement conferences and other dispute resolution techniques to assist parties in exploring settlement of litigation.  Plaintiff therefore supports the Magistrate Judge's setting of this matter for a Settlement Conference, and will participate in good faith settlement efforts.  However, Plaintiff is unable to participate in the conference as directed by the language of the Court's order (quoted above).  Accordingly, Plaintiff respectfully requests that the Court modify or reconsider those provisions of the Court's order to enable Plaintiff to fully and meaningfully participate in the Court's Settlement Conference.

Plaintiff is committed to engaging in meaningful settlement discussions in this case and take its obligations to negotiate in good faith seriously.  To that end, Plaintiff is able to send a representative to the Settlement Conference who is most knowledgeable about the facts and law of this case and, therefore, both able and authorized to discuss and make recommendations relating to settlement.  Plaintiff is unable, however, to send someone with "complete authority to negotiate and consummate a settlement" to the Settlement Conference on October 4, 2009, as directed by the Court's order.[2]

Trial attorneys for the United States cannot legally execute or agree to any final settlement agreement or compromise the claims of the United States.  That authority is vested in

---

[1]    Plaintiff and Defendants previously participated in a settlement conference before Magistrate Judge Johnston on December 22, 2008, and prior to said conference Plaintiff had filed a similar motion to this, regarding the modification of the order to allow Plaintiff's trial counsel to attend the settlement conference, which was also unopposed.

[2]    Trial counsel for Plaintiff has made arrangements to have his supervisor available all day via telephone, as well as the representatives from both the U.S. Department of Agriculture and the U.S. Department of the Interior who have authority to recommend settlement to the Department of Justice.

3

the Attorney General of the United States. *See* 28 U.S.C. §§ 509; 516; and 519. The Attorney

General has delegated authority to the Assistant Attorneys General to accept offers in

compromise in all non-monetary cases assigned to their respective divisions. In this case, that

authority has been delegated to the Assistant Attorney General of the Environment and Natural

Resources Division of the United States Department of Justice ("AAG"), a presidential

appointee confirmed by Congress. *See* 28 C.F.R. § 0.160(a)(3). The AAG has a multitude of

responsibilities, including ultimate settlement authority for thousands of cases to which Plaintiff

is a party. Realistically, the AAG cannot attend or even be available by telephone for settlement

conferences in all cases in which he has settlement authority. Any proposed terms for settlement

or compromise by Plaintiff must be formally referred in writing to the AAG for approval.

Accordingly, Plaintiff cannot legally agree to or execute any final settlement without seeking the

necessary approval authority from the AAG.

The inability of Plaintiff to send individuals with final settlement authority to settlement

conferences has been recognized by the Federal Rules Advisory Committee and Congress. The

Advisory Committee Notes to Rule 16 of the Federal Rules of Civil Procedure state that in

litigation involving the government, "there may be no one with on-the-spot settlement authority,

and that the most that should be expected is access to a person who would have a major role in

submitting a recommendation to the body or board with ultimate decision-making authority."

Fed. R. Civ. P. 16 advisory committee's note, subdivision (c) (1993 Amendments).

Congress has also recognized the need to account for the "unique situation" of the

Department of Justice with respect to settlement in federal district court matters because the

Department "does not delegate broad settlement authority to all trial counsel, but instead

reserves that authority to senior officials" within the Department of Justice. *See* S. Rep. 101-

416, 101st Cong., 2nd Session (1990) (August 3, 1990, Senate Report to Accompany S. 2648,

Legislative History for the the Judicial Improvements Act of 1990 (Civil Justice Reform Act of

1990), Pub. L. 101-650), 1990 W.L. 201668 (Leg. Hist.); and H.R. Rep. 101-732, 101st Cong.

4

2nd Session (1990) (September 21, 1990, House Report to Accompany H.R. 3898, Legislative History for the the Judicial Improvements Act of 1990 (Civil Justice Reform Act of 1990) Pub. L. 101-650), 1990 W.L. 200435 (Leg. Hist.)).  Both the House and Senate Reports to the Judicial Improvement Act of 1990 state that the Justice Department "cannot  realistically send officials with full settlement authority to each settlement conference."  *See* S. Rep. 101-416 at 124; H.R. 101-732 at 44.

Federal courts have also recognized the "unique position" of the Department of Justice in representing the interests of the United States in litigation.  *See e.g.*, In re M.P.W. Stone, Petitioner; In re Internal Revenue Service and Sonja Rountree, Petitioners; In re United States of America Petitioner (Nine cases); In re Government National Mortgage Association and United States of America, Petitioners, 986 F. 2d 898 (5th Cir. 1993)(stating that a "district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order" requiring full settlement authority, *id*. at 903, and concluding that "the district court abused its discretion in routinely requiring a representative of the government with ultimate settlement authority to be present at all pretrial or settlement conferences", *id.* at 905.  "We do not suggest that the district court can never issue such an order, but it should consider less drastic steps before doing so." *Id.*).

Plaintiff recognizes that the Settlement Conference should be efficient and effective, and also understands and supports the Court's interest in having "meaningful" settlement discussions at the Settlement Conference.  It is unlikely that those goals would be better served by the participation or presence of high level government officials.  To the contrary, the goal of meaningful settlement discussions can be achieved best by participation of the government's trial attorneys who are intimately knowledgeable of the parties, facts, issues, law and settlement options relating to the particular case and have the ability to recommend settlement proposals within the government or to reach an agreement in principle, which can be promptly recommended for approval by the necessary officials within the United States government.

The fact that trial attorneys for the United States cannot legally execute or agree to any final settlement agreement without seeking the necessary approval of the AAG should not be interpreted as an indication that Plaintiff is uninterested in settling this matter.  To the contrary, Plaintiff is committed to exploring settlement of this case and will negotiate in good faith towards that end.  Accordingly, Plaintiff is submitting with their motion a proposed order for the Court's consideration, which would modify the Court's order dated August 27, 2009 to permit trial counsel for Plaintiff to participate fully in the Settlement Conference.  The proposed order would permit trial counsel for Plaintiff to engage fully in negotiations at the Settlement Conference and to have the opportunity after that conference to make a recommendation to the AAG (and seek the recommendation of the appropriate authorities within the U.S. Department of Agriculture and the U.S. Department of the Interior) regarding any proposed compromise or settlement of issues or agreement in principle developed at that Settlement Conference.

### III.  Argument Relating to Defendant Estate of E. Wayne Hage

The Estate of E. Wayne Hage is the subject of a pending probate proceeding in the Fifth Judicial District Court of the State of Nevada in and for the County of Nye in Case No. PR5949. In the event of a compromise is achieved in the settlement conference, most circumstances will require approval of the probate court. NRS 143.140.  Lucich v. Medin, 3 Nev. 93 (1867), cited, Abel v. Lowry, 68 Nev. 284, at 296, 231 P.2d 191 (1951).  The test for court approval is whether the compromise is just and in the best interest of the estate. NRS 143.140(2).

Wayne N. Hage is the executor fo the Estate of E. Wayne Hage.  He pledges to participate in the settlement conference in good faith with John ("Jack") W. Hoffman, the attorney for the probate estate.  Upon agreeing to a compromise, both Wayne N. Hage and John W. Hoffman agree to act promptly to obtain court approval and to support the compromise in the probate court approval proceeding.

### IV.  Conclusion

The Defendants have agreed that the settlement conference should go forward even

6

1    though the United States will necessarily require a subsequent approval process as set forth

2    above.  The United States agrees to go forward even though the Estate of E. Wayne Hage may be

3    required to follow a subsequent court approval process.

4          For the foregoing reasons, the Parties respectfully request that the Court grant this motion

5    and sign the proposed order, submitted to the Court, which modifies the Court's order to enable

6    trial counsel for Plaintiff to fully and meaningfully participate in the Settlement Conference now

7    scheduled for October 2, 2009 and to enable the executor and counsel for the Estate of E. Wayne

8    Hage to fully and meaningfully participate in the Settlement Conference now scheduled for

9    October 2, 2009.  Counsel for Plaintiff has conferred with counsel for the Estate of E. Wayne

10   Hage, who in turn has verified that this joint motion and proposed order are unopposed and has

11   authorized counsel for Plaintiff to sign this joint motion of behalf of Defendant Estate of E.

12   Wayne Hage and Defendant Wayne N. Hage.  If the Court deems it necessary, the Parties are

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

7

available to discuss these matters further in a Court conference (in person or by telephone).[3]

Respectfully submitted this 14th day of September, 2009.

RONALD J. TENPAS
Assistant Attorney General

/s/ Stephen G. Bartell
STEPHEN BARTELL
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044
Telephone: (202) 305-0234

GREGORY A. BROWER
United States Attorney
BLAINE T. WELSH
Assistant United States Attorney
United States Attorney's Office
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336

/s/ John W. Hoffman
JOHN W. HOFFMAN
Hoffman, Test, Guinan & Collier
429 West Plumb Lane
Reno, NV 89509
Phone: (775) 322-4081

/s/ Wayne N. Hage
Wayne N. Hage
P.O. Box 513
Tonopah, NV 89049

---

[3] It is the Parties' position that oral argument is unnecessary and that the Court may decide this matter on the moving papers alone.

**CERTIFICATE OF SERVICE**

I, the undersigned, declare and certify under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that on September 14th, 2009, I electronically filed the foregoing:

**UNOPPOSED MOTION BY PLAINTIFF, DEFENDANT ESTATE OF E. WAYNE HAGE AND DEFENDANT WAYNE N. HAGE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, FOR MODIFICATION OF ORDER SCHEDULING SETTLEMENT CONFERENCE**

with the Clerk of the Court via the CM/ECF system, which was electronically sent to the parties at the places and addresses below stated:

Jack W. Hoffman
Hoffman, Test, Guinan & Collier
429 W. Plumb Lane
P.O. Box 187
Reno, Nevada  89504
*office@htag.reno.nv.us*

Jonathan J. Hansen
Hansen Rasmussen, LLC
1835 Village Center Circle
Las Vegas, Nevada 89134
*bulldogattorney@earthlink.net*

I hereby declare under penalty of perjury, that on September 14th, 2009, a true and correct copy of the foregoing Notice was placed in the United States Mail, clearly addressed and postage prepaid, to Defendants at the places and addresses below stated:

Wayne N. Hage
P.O. Box 513
Tonopah, Nevada 89049

Benjamin J. Colvin
P.O. Box 399
Goldfield, Nevada 89013

 /s/ Stephen G. Bartell
Stephen G. Bartell

9

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) | 2:07-CV-01154-RCJ (RJJ) |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER SCHEDULING** |
| | ) | **SETTLEMENT CONFERENCE** |
| WAYNE N. HAGE, Executor of the | ) | |
| ESTATE OF E. WAYNE HAGE, | ) | |
| BENJAMIN J. COLVIN, individually | ) | |
| and as an Officer of COLVIN CATTLE | ) | |
| CO., INC., Colvin Cattle Co., Inc., a | ) | |
| corporation, WAYNE N. HAGE, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the referral of the Honorable Robert J. Johnston, a settlement conference is hereby scheduled to commence on **Friday, October 2, 2009, at 9:00 a.m.**, before the undersigned Magistrate Judge, Courtroom Two, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, Reno, Nevada.

Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requires the presence of the client of if a corporate, governmental, or other organizational entity, an authorized representative of the client. *Trial counsel for the United States may appear with recommendation authority rather than binding settlement authority.* For a Defendant, such representative must have final settlement authority*, subject to any applicable court approval,* to commit the organization to pay, <u>in the representative's own discretion</u>, a

1    settlement amount up to the Plaintiff's prayer, or up to the Plaintiff's last demand, whichever is

2    lower.  For a Plaintiff, such representative must have final authority, <u>in the representative's own</u>

3    <u>discretion</u>, to authorize dismissal of the case with prejudice, or to accept a settlement amount

4    down to the Defendant's last offer.  If board approval is required to authorize settlement, the

5    attendance of at least one sitting member of the board (preferably the chairperson) is <u>absolutely</u>

6    <u>required</u>.  Any insurance company that is a party or is contractually required to defend or to pay

7    damages, if any, assessed within its policy limits in this case must have a fully authorized

8    settlement representative present.  Such representative must have final settlement authority to

9    commit the company to pay, <u>in the representative's own discretion</u>, an amount within the policy

10    limits, or up to the Plaintiff's last demand, whichever is lower.  If trial counsel has been fully

11    authorized to commit the client to pay or to accept in settlement the amount last proposed by the

12    opponent, <u>in counsel's sole discretion</u>, the client, client representative, or insurance company

13    representative, as applicable, need not attend.  <u>The purpose of this requirement is to have in</u>

14    <u>attendance a representative who has both the authority to exercise his or her own discretion, and</u>

15    <u>the realistic freedom to exercise such discretion without the negative consequences, in order to</u>

16    <u>settle the case during the settlement conference without consulting someone else who is not</u>

17    <u>present</u>.  In the event counsel for any party is aware of any circumstance which might cast doubt

18    on a client's compliance with this paragraph, s/he shall immediately discuss the circumstance

19    with opposing counsel to resolve it well before the settlement conference, and, if such discussion

20    does not resolve it, request a telephone conference with the court and counsel.

21         Counsel appearing for the settlement conference without their client representatives or

22    insurance company representatives, authorized as described above, will cause the settlement

23    conference to be canceled or rescheduled.  The non-complying party, attorney, or both may be

24    assessed the costs and expenses incurred by other parties and the court as a result of such

25    cancellation, as well as any additional sanctions deemed appropriate by the court.  Counsel are

26    responsible for timely advising any involved non-party insurance company of the requirements

1    of this order.

2          At the settlement conference the parties, by counsel, shall give a brief (5-10 minute)

3    presentation outlining the factual and legal highlights of their case. Then separate, confidential

4    caucuses will be held with each party and/or the party's representative(s).

5                **PREPARATION FOR SETTLEMENT CONFERENCE**

6          In preparation for the settlement conference, the attorneys for each party shall submit a

7    confidential settlement conference statement for the court's *in camera* review. The settlement

8    conference statement shall contain the following:

9          1.    A brief statement of the nature of the action.

10         2.    A concise summary of the evidence that supports your theory of the case,

11               including information which documents your damages claims. You may attach to

12               your statement those documents or exhibits which are especially relevant to key

13               factual or legal issues, including selected pages from deposition transcripts or

14               responses to other discovery requests.

15         3.    An analysis of the key issues involved in the litigation.

16         4.    A discussion of the strongest points in your case, both legal and factual, <u>and a</u>

17               <u>frank discussion of the weakest points as well</u>. The court expects you to present a

18               candid evaluation of the merits of your case.

19         5.    A further discussion of the strongest and weakest points in your opponents' case,

20               but only if they are more than simply the converse of the weakest and strongest

21               points in your case.

22         6.    An estimate of the cost (including attorney's fees and costs) of taking this case

23               through trial.

24         7.    A history of settlement discussion, is any, which details the demands and offers

25               which have been made, and the reasons they have been rejected.

26         8.    The settlement proposal that you believe would be fair.

                                        3

9.     The settlement proposal that you would honestly be willing to make in order to conclude this matter and stop the expense of litigation.

**THE SETTLEMENT CONFERENCE STATEMENTS SHALL BE RECEIVED IN MY CHAMBERS, ROOM 405, NOT LATER THAN 4:00 P.M. ON WEDNESDAY, SEPTEMBER 30, 2009.**

DO NOT SERVE A COPY ON OPPOSING COUNSEL.  DO NOT DELIVER OR MAIL THEM TO THE CLERK'S OFFICE.

The settlement conference statement should be delivered to my chambers in an envelope clearly marked "Confidential Contains Settlement Brief".

The purpose of the settlement conference statement is to assist the court in preparing for and conducting the settlement conference.  In order to facilitate a meaningful conference, your utmost candor in responding to all of the above listed questions is required.  The settlement conference statements will not be seen by the trial judge.  The confidentiality of each statement will be strictly maintained in my chambers.  Following the conference, the settlement conference statements will be destroyed.

September 14, 2009

DATED: _____

_____
ROBERT A. McQUAID, JR.
UNITED STATES MAGISTRATE JUDGE

4