UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:07-cv-01154-RCJ-LRL |
| vs. | ) | |
| | ) | |
| ESTATE OF E. WAYNE HAGE et al., | ) | **ORDER** |
| Defendants. | ) | |

The United States has sued Wayne N. Hage ("Wayne Jr.") both individually and in his capacity as executor of the estate of his father, E. Wayne Hage ("Wayne Sr."), for the unauthorized grazing of cattle on federal land. The Court has denied motions to dismiss and for offensive summary judgment, granted Defendants leave to amend to plead counterclaims, and granted the United States' motion to dismiss Defendants' counterclaims in part. The United States has now moved to strike ten recently named witnesses. For the reasons given herein, the Court denies the motion.

**I.    RELEVANT PROCEDURAL HISTORY**

On January 6, 2010, the magistrate judge issued the Scheduling Order, requiring all discovery to be completed by June 30, 2010. (*See* Sched. Order 1, Jan. 6, 2010, ECF No. 125). During a telephonic conference, the magistrate judge extended discovery to September 30, 2010 and designation of experts to July 30, 2010. (*See* Mins., June 7, 2010, ECF No. 155). The

1  magistrate judge then approved a stipulation to extend discovery to October 14, 2010. (*See*
2  Order, Sept. 13, 2010, ECF No. 176).
3       The Court has continued the trial several times in reaction to the extension of discovery
4  and for other reasons.  On May 24, 2011, it continued the trial to October 3, 2011. (*See* Mins.,
5  May 24, 2011, ECF No. 239).  On July 12, 2011, Defendants filed their proposed pretrial order.
6  On July 25, 2011, the United States filed the present motion to strike several witnesses allegedly
7  first disclosed in a supplemental disclosure on July 6, 2011.  On August 4, 2011, the Court
8  continued the trial to March 19, 2012 and ordered the parties to submit a new proposed
9  stipulated scheduling order.

10 **II.    LEGAL STANDARDS**

11      Pretrial disclosures must be made at least thirty days before trial, unless a court orders
12 otherwise. Fed. R. Civ. P. 26(a)(3)(B).  Expert testimony must be disclosed at least ninety days
13 before trial. Fed. R. Civ. P. 26(a)(2)(D).

14 **III.   ANALYSIS**

15      There could have been a late-disclosure violation under Rule 26 directly in this case.
16 Specifically, if the Court had not continued trial until March 19, 2012, Rule 26 would have
17 required most disclosures to be made by September 3, 2011 and expert-witness disclosures to be
18 made by July 5, 2011, the day before the subject disclosures were made.  But the trial has been
19 continued and previous versions of the scheduling order have been superseded by the Court's
20 solicitation of a new proposed stipulated scheduling order.  It is not clear what the new
21 scheduling order will say about when disclosures must be made, and the five-and-a-half-month
22 extension greatly reduces any chance of prejudice from a July 6, 2011 disclosure of witnesses.
23 Whatever force it had before, the United States' argument that the disclosures were made less
24 than three months before trial now has less, because the disclosures were made (at the latest)
25 eight-and-a-half months before trial.

1  Next, it is the Court itself that indicated certain types of expert witnesses would be
2  required at trial to sort out those local ranching customs and practices that will affect the Court's
3  findings of fact and conclusions of law as to the scope of Defendants' rights.  There is no
4  indication Defendants are attempting to surprise the United States by naming the new expert
5  witnesses.
6  Finally, the United States complains that the July 6, 2011 supplemental disclosure of
7  expert witnesses was accompanied by no expert reports as required by Rule 26(a)(2)(B).  But not
8  all expert witness disclosures must include experts' reports.  Witnesses who will not rely on
9  reports related to the facts of the case, but who will provide expertise in a field generally, need
10 not produce reports. *See* Fed. R. Civ. P. 26(a)(2)(C).  However, such a disclosure must still
11 include a statement of the areas of expected testimony and the facts and opinions to which the
12 witness expects o testify. *See id.*  The July 6, 2011 disclosure attached to the United States'
13 motion indicates that Defendants included such information, as does the corrected disclosure of
14 the same date, which is also attached. (*See* Disclosures, July 6, 2011, ECF No. 249-1; Corrected
15 Disclosures, July 6, 2011, ECF No. 249-2).  Based on the new trial date, and unless the new
16 scheduling order requires something different, if Defendants' experts intend to rely on or
17 introduce expert reports, the expert disclosures must be corrected again and the relevant reports
18 attached no later than December 20, 2011.

### CONCLUSION

20 IT IS HEREBY ORDERED that the Motion to Strike Recently Named Witnesses (ECF
21 No. 249) is DENIED.
22 IT IS SO ORDERED.
23 Dated this 3rd day of October, 2011.

_____
ROBERT C. JONES
United States District Judge