1

2

3

4

5

6          **UNITED STATES DISTRICT COURT**

7              **DISTRICT OF NEVADA**

8

UNITED STATES OF AMERICA,                    )
9                                            )
                    Plaintiff,               )
10                                           )          2:07-cv-01154-RCJ-VCF
         vs.                                 )
11                                           )
ESTATE OF E. WAYNE HAGE et al.,              )              **ORDER**
12                                           )
                    Defendants.              )
13   _____ )

14          This case arises out of alleged trespassing of private cattle on federal land.  Pending

15   before the Court is a joint motion to modify the portion of a previous order pertaining to map

16   products at trial, as well as Plaintiff's motion to bifurcate the trial.  For the reasons given herein,

17   the Court grants the joint motion and denies the motion to bifurcate.

18   **I.      PROCEDURAL HISTORY**

19          On August 29, 2007, Plaintiff the United States of America sued Defendants Estate of E.

20   Wayne Hage (the "Estate"), Benjamin J. Colvin d.b.a. Colvin Cattle Co. ("Colvin"), and Wayne

21   N. Hage ("Wayne Jr.") in this Court for trespass, requesting both damages and an injunction.

22   (*See* Compl., Aug. 29, 2007, ECF No. 1).  The United States alleged by date, location, and brand

23   thirty-nine (39) instances of Defendants' cattle grazing without a permit on Bureau of Land

24   Management ("BLM")-managed lands, i.e., the Ralston, Monitor, Montezuma, and Meadow

25   Canyon C&H Allotments, as well as on other National Forest System ("NFS") lands between

1   January 5, 2004 and August 23, 2007. (*See id.* ¶¶ 13, 15).

2          Defendants moved to dismiss, and the United States filed the FAC after receiving leave

3   to do so.  The FAC named as Defendants Wayne Jr., individually and in his capacity as executor

4   of the Estate, and Benjamin J. Covlin, individually and as an officer of Colvin Cattle Co.

5   ("Colvin"). (*See* First Am. Compl., Apr. 10, 2008, ECF No. 37).  The FAC alleged by date,

6   location, and brand forty-four (44) instances of trespassing on BLM and NFS lands between

7   January 5, 2004 and April 3, 2008. (*See id.* ¶¶ 14, 16).  Defendants answered the FAC, moved to

8   dismiss it, and Colvin filed a counterclaim, which the United States answered.  The Estate also

9   moved for summary judgment but withdrew that motion.  The Court denied Defendants' motions

10  to dismiss.  The United States voluntarily dismissed the FAC as against Colvin.  The United

11  States moved for offensive summary judgment against the Estate, and the Court denied that

12  motion, as well as the Estate's further motions to dismiss or stay the case.  The Court granted the

13  Estate's motion to add a counterclaim for declaratory judgment.  The United States moved to

14  dismiss the counterclaim, and the Court granted the motion in part.

15  **II.   LEGAL STANDARDS**

16         **"**For convenience, to avoid prejudice, or to expedite and economize, the court may order

17  a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party

18  claims." Fed. R. Civ. P. 42(b).

19  **III.  ANALYSIS**

20         First, the parties ask the Court to permit them to use 1:63,360 and 1:24,000 topographical

21  maps in lieu of 1:50,000 topographical maps, as indicated in a previous order.  The parties agree

22  to comply with the Court's previous instructions regarding map construction and annotation.

23  The Court grants this request.

24         Second, Plaintiff asks the Court to bifurcate the trial into two segments: (1) determination

25  of the extent of Defendants' forage rights, if any; and (2) all remaining issues.  Although the

determination of Defendants' forage or other rights will affect the trespassing claims, it will be more efficient for the Court to hear all issues together.  There would be no administrative gain by the requested bifurcation.  Only if Defendants' forage rights were determined during the putative first phase to be without any limitation whatsoever—which is undoubtedly not the case—could the remaining trespass issues be rendered moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Modify Order (ECF No. 282) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Bifurcate Trial (ECF No. 284) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of March, 2012.

_____
ROBERT C. JONES
United States District Judge