UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:07-cv-01154-RCJ-VCF |
| vs. | ) | |
| | ) | |
| ESTATE OF E. WAYNE HAGE et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of alleged trespassing of private cattle on federal land. Pending before the Court is a joint motion to modify the portion of a previous order pertaining to map products at trial, as well as Plaintiff's motion to bifurcate the trial. For the reasons given herein, the Court grants the joint motion and denies the motion to bifurcate.

**I.    PROCEDURAL HISTORY**

On August 29, 2007, Plaintiff the United States of America sued Defendants Estate of E. Wayne Hage (the "Estate"), Benjamin J. Colvin d.b.a. Colvin Cattle Co. ("Colvin"), and Wayne N. Hage ("Wayne Jr.") in this Court for trespass, requesting both damages and an injunction. (*See* Compl., Aug. 29, 2007, ECF No. 1). The United States alleged by date, location, and brand thirty-nine (39) instances of Defendants' cattle grazing without a permit on Bureau of Land Management ("BLM")-managed lands, i.e., the Ralston, Monitor, Montezuma, and Meadow Canyon C&H Allotments, as well as on other National Forest System ("NFS") lands between

1  January 5, 2004 and August 23, 2007. (*See id.* ¶¶ 13, 15).

2  Defendants moved to dismiss, and the United States filed the FAC after receiving leave
3  to do so. The FAC named as Defendants Wayne Jr., individually and in his capacity as executor
4  of the Estate, and Benjamin J. Covlin, individually and as an officer of Colvin Cattle Co.
5  ("Colvin"). (*See* First Am. Compl., Apr. 10, 2008, ECF No. 37). The FAC alleged by date,
6  location, and brand forty-four (44) instances of trespassing on BLM and NFS lands between
7  January 5, 2004 and April 3, 2008. (*See id.* ¶¶ 14, 16). Defendants answered the FAC, moved to
8  dismiss it, and Colvin filed a counterclaim, which the United States answered. The Estate also
9  moved for summary judgment but withdrew that motion. The Court denied Defendants' motions
10 to dismiss. The United States voluntarily dismissed the FAC as against Colvin. The United
11 States moved for offensive summary judgment against the Estate, and the Court denied that
12 motion, as well as the Estate's further motions to dismiss or stay the case. The Court granted the
13 Estate's motion to add a counterclaim for declaratory judgment. The United States moved to
14 dismiss the counterclaim, and the Court granted the motion in part.

15 **II.   LEGAL STANDARDS**

16 **"**For convenience, to avoid prejudice, or to expedite and economize, the court may order
17 a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party
18 claims." Fed. R. Civ. P. 42(b).

19 **III.   ANALYSIS**

20 First, the parties ask the Court to permit them to use 1:63,360 and 1:24,000 topographical
21 maps in lieu of 1:50,000 topographical maps, as indicated in a previous order. The parties agree
22 to comply with the Court's previous instructions regarding map construction and annotation.
23 The Court grants this request.

24 Second, Plaintiff asks the Court to bifurcate the trial into two segments: (1) determination
25 of the extent of Defendants' forage rights, if any; and (2) all remaining issues. Although the

determination of Defendants' forage or other rights will affect the trespassing claims, it will be more efficient for the Court to hear all issues together. There would be no administrative gain by the requested bifurcation. Only if Defendants' forage rights were determined during the putative first phase to be without any limitation whatsoever—which is undoubtedly not the case—could the remaining trespass issues be rendered moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Modify Order (ECF No. 282) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Bifurcate Trial (ECF No. 284) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of March, 2012.

_____
ROBERT C. JONES
United States District Judge