UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:07-cv-01154-RCJ-VCF |
| ESTATE OF E. WAYNE HAGE et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

This case arises out of alleged trespassing of private cattle on federal land. Pending before the Court are Plaintiffs' motions in limine. For the reasons given herein, the Court denies the motions.

**I.   PROCEDURAL HISTORY**

On August 29, 2007, Plaintiff the United States of America sued Defendants Estate of E. Wayne Hage (the "Estate"), Benjamin J. Colvin d.b.a. Colvin Cattle Co. ("Colvin"), and Wayne N. Hage ("Wayne Jr.") in this Court for trespass, requesting both damages and an injunction. (*See* Compl., Aug. 29, 2007, ECF No. 1). The United States alleged by date, location, and brand thirty-nine (39) instances of Defendants' cattle grazing without a permit on Bureau of Land Management ("BLM")-managed lands, i.e., the Ralston, Monitor, Montezuma, and Meadow Canyon C&H Allotments, as well as on other National Forest System ("NFS") lands between January 5, 2004 and August 23, 2007. (*See id.* ¶¶ 13, 15).

1  Defendants moved to dismiss, and the United States filed the FAC after receiving leave
2  to do so.  The FAC named as Defendants Wayne Jr., individually and in his capacity as executor
3  of the Estate, and Benjamin J. Covlin, individually and as an officer of Colvin Cattle Co.
4  ("Colvin"). (*See* First Am. Compl., Apr. 10, 2008, ECF No. 37).  The FAC alleged by date,
5  location, and brand forty-four (44) instances of trespassing on BLM and NFS lands between
6  January 5, 2004 and April 3, 2008. (*See id.* ¶¶ 14, 16).  Defendants answered the FAC, moved to
7  dismiss it, and Colvin filed a counterclaim, which the United States answered.  The Estate also
8  moved for summary judgment but withdrew that motion.  The Court denied Defendants' motions
9  to dismiss.  The United States voluntarily dismissed the FAC as against Colvin.  The United
10  States moved for offensive summary judgment against the Estate, and the Court denied that
11  motion, as well as the Estate's further motions to dismiss or stay the case.  The Court granted the
12  Estate's motion to add a counterclaim for declaratory judgment.  The United States moved to
13  dismiss the counterclaim, and the Court granted the motion in part.

14  **II.  LEGAL STANDARDS**

15  A motion in limine is a procedural device to obtain an early and preliminary ruling on the
16  admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain
17  inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion
18  when it believes that mere mention of the evidence during trial would be highly prejudicial and
19  could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed.
20  2009).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine,
21  the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant
22  to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed.
23  R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence
24  from being suggested to the jury by any means")).
25  A motion in limine is a request for the court's guidance concerning an evidentiary

question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III.  ANALYSIS

In Motion No. 293, the United States asks the Court to exclude any prospective testimony from professor Angus McIntosh consisting of legal conclusions. The Court denies the motion. The Court will caution the witness and counsel that purely legal questions are irrelevant but will not exclude Professor McIntosh's testimony concerning historical practices or customs.

In Motion No. 294, the United States asks the Court to exclude any prospective testimony

from any witnesses concerning historic or customary use of federal land for grazing. The Court denies the motion. As the Court has already noted in previous rulings, customary usages will be relevant to determining to what extent foraging rights appurtenant to water rights were "recognized and acknowledged by the local customs, laws, and decisions of courts" under the 1866 Act. The Court must determine whether livestock were customarily permitted to graze within fifty feet of a water source while watering there as a part of the water right, for example, before it can determine whether any particular instance constituted a trespass in this case. Plaintiff is attempting through this motion in limine to re-litigate the issue of whether water rights on federal land can ever include an appurtenant foraging right. The Court has indicated, as the Court of Federal Claims ("CFC") has ruled, that under the 1866 Act, it might.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions in Limine (ECF Nos. 293, 294) are DENIED.

IT IS SO ORDERED.

Dated this 23rd day of March, 2012.

_____
ROBERT C. JONES
United States District Judge