# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

WAYNE N. HAGE, *et al.*,

        Defendants.

Case No.: 2:07-cv-01154-GMN-VCF

**ORDER**

Pending before the Court is Defendant Wayne N. Hage's ("Hage's")[1] Motion to Stay Collection of Judgment and Motion for Relief, (ECF No. 497).[2] Plaintiff the United States of America (the "Government") filed a Response, (ECF No. 498), and Hage failed to file a reply. For the reasons discussed herein, Hage's Motion is **DENIED**.

## I.    BACKGROUND

The instant Motion arises from a judgment entered by the Court in favor of the Government and against Hage, (*see* ECF Nos. 487, 488). On April 10, 2008, the Government filed its Amended Complaint seeking damages for trespass and injunctive relief against Defendants Hage in his individual capacity, Hage in his capacity as executor of the Estate of E. Wayne Hage, and the Estate of E. Wayne Hage (the "Estate") (collectively "Defendants"). (ECF No. 37). In the Amended Complaint, the Government avers that since January of 2004, Defendants continuously and unlawfully allowed their cattle to graze on public lands managed

---

[1] In light of Hage's status as a pro se litigant, the Court has liberally construed his filings, holding them to a standard less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] While Hage seeks to stay the collection of judgment, Hage's Motion explicitly invokes the standard of Rule 60(b)(6). (*See* Mot. to Stay 1:15–17, ECF No. 497). Accordingly, the Court will consider Hage's Motion under both Rule 60(b)(6) as well as Rule 62(d).

by the Bureau of Land Management ("BLM") and the National Forest System ("NFS"). (*Id.* ¶¶ 13–21). The case was initially assigned to Judge Robert C. Jones, who held a bench trial in the matter between March 27, 2012, and June 6, 2012. (*See* ECF Nos. 328–29, 342–61).

On May 24, 2013, Judge Jones issued Findings of Fact and Conclusions of Law in which he concluded, *inter alia*, that Defendants' water rights provided a defense to many of the alleged instances of unlawful trespass. (*See* Order 101:14–104:23, ECF No. 415). The Clerk of Court thereafter entered judgment in favor of the Government for two instances of trespass, and in favor of Defendants with respect to the remaining instances of alleged trespass. (Clerk's J., ECF No. 416). The Government subsequently appealed the judgment to the Ninth Circuit Court of Appeals. (*See* Notice of Appeal, ECF No. 421); (*see also* Am. Notice of Appeal, ECF No. 424).

On appeal, the Ninth Circuit vacated the judgment with regard to the Government's trespass claims. *See United States v. Estate of Hage*, 810 F.3d 712 (9th Cir. 2016). The Ninth Circuit instructed that the "district court shall enter judgment for the government on all claims supported by the record, shall calculate appropriate damages, and shall enter appropriate injunctive relief." *Id.* at 721. On remand, the instant action was reassigned to this Court. (*See* Minute Order, ECF No. 446).

On April 7, 2016, the Court ordered the parties to file supplemental briefs addressing whether state or federal law governs the calculation of damages and, based upon that answer, the appropriate method for computing damages owed by Defendants to the Government. (Order on Mandate, ECF No. 452). On April 15, 2016, Defendants filed a petition for writ of certiorari to the United States Supreme Court seeking review of the Ninth Circuit's decision. *See Estate of Hage v. United States*, No. 15-1295, 2016 WL 1605072 (Apr. 15, 2016).

On June 23, 2016, the Court held a status conference, (*see* ECF No. 472), with the parties during which the Court made the following rulings from the bench. The Court held that

1 liability was limited to Hage in his individual capacity and that the Estate, as well as Hage in
2 his capacity as executor of the Estate, were not liable. (*See* Status Conference Tr. 49:17–20,
3 ECF No. 473). The Court further granted the Government's request for an injunction
4 "prohibiting defendant from placing or allowing unauthorized livestock to enter or be on public
5 lands administered by the federal government." (*Id.* 49:20–25). In addition, the Court stayed
6 entry of judgment pending a dispositive decision by the Supreme Court, and ordered Hage to
7 pay a bond to be calculated based on the number of cattle remaining on federal lands. (*Id.* 50:1–
8 8). During the pendency of Hage's appeal to the Supreme Court, Hage paid $20,462.44 as a
9 bond for the continuing trespass. (*See* ECF Nos. 480, 484). On October 17, 2016, the United
10 States Supreme Court denied Defendants' petition for certiorari. *See Estate of Hage v. United*
11 *States*, 173 S. Ct. 332 (2016).

On February 27, 2017, the Court vacated Judge Jones' order in its entirety, ordered that judgment be entered in favor of the Government, and concluded that Hage is liable to the Government for damages amounting to $587,294.28. (Order 11:22–12:2, ECF No. 487). The Court ordered Hage to pay to the Government $555,040.50 for willful and repeated unauthorized grazing on public lands administered by the BLM; $11,791.34 to the Government for unauthorized grazing on NFS lands; and $20,462.44 to the Government that was previously deposited as a bond with the Clerk of Court during Defendants' then-pending appeal to the United States Supreme Court. (*Id.* 12:3–13:10). The Clerk of Court subsequently entered judgment in favor of the United States, (ECF No. 488). On March 2, 2017, Hage filed a Notice of Appeal, (ECF No. 489). Pursuant to his appeal, Hage filed the instant Motion on January 1, 2018. (ECF No. 497).

## II. LEGAL STANDARD

### A. Rule 62(d)

Pursuant to Rule 62(d), the Court may grant a motion to stay the execution on a judgment pending an appeal. Fed. R. Civ. P. 62(d). The movant is entitled to the stay if it furnishes a proper supersedeas bond under Rule 62(d). *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000). "The bond amount ordinarily includes the full judgment total, costs on the appeal, interest, and any damages for delay." *Branch Banking and Tr. Co. v. Jarrett*, No. 3:13-cv-00235-RCJ-VPC, 2014 WL 4636049, at *3 (D. Nev. Sept. 16, 2014). "The purpose of the supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Id.* (quoting *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979)). A movant may be entitled to a waiver of the full bond requirement and a discretionary stay only in extraordinary cases. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990). Moreover, the moving party "has the burden of objectively demonstrating to the court the reasons why a full bond should not be required." *Branch Banking and Tr. Co.*, 2014 WL 4636049, at *3 (citation omitted).

### B. Rule 60(b)(6)

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

## III. DISCUSSION

Hage moves the Court to stay collection of the judgment on the basis that Hage has already paid a bond to the Court. (Mot. to Stay 1:15–19, ECF No. 497). Hage further argues that the judgment entered against him is unsupported by the record and in contravention of the Ninth Circuit's instructions on remand. (*Id.* 3:25–4:9). The Court will address each argument in turn.

### A. Motion to Stay Judgment

Hage asserts that he is entitled to a stay because he has already posted a bond in the amount of $20,462.44 and, accordingly, the Government is wrongfully demanding payment of $587,294.28. (Mot. to Stay 5:8–11). The Government opposes Hage's Motion "to the extent it seeks a stay without a full supersedeas bond." (Resp. 6:11–12). The Government argues that the amount of the prior bond, $20,462.44, applied exclusively to the period of time between the Court's entry of the injunction at the June 23, 2016 status conference, (ECF No. 472), and the United States Supreme Court's subsequent denial of Defendants' petition for certiorari. (*Id.* 6:12–15). The Court agrees with the Government.

Hage's assertion mischaracterizes the Court's prior Order, (*see* ECF Nos. 472, 473). During the parties' June 23, 2016 status conference, the Court ordered Hage to pay a bond specifically to account for damages accruing during the timeframe between the Court's grant of injunctive relief, and the United States Supreme Court's subsequent disposition of Defendants' case on appeal. (*See* Status Conference Tr. 50:1–14, ECF No. 473). Because the Supreme Court has since issued a dispositive order denying certiorari, *see Estate of Hage v. United States*, 173 S. Ct. 332 (2016), Hage's prior bond of $20,462.44 is no longer applicable. Accordingly, the Court denies Hage's Motion with respect to his request for a stay of judgment.

**B. Relief under Rule 60(b)**

Hage further seeks relief on the basis that the Court's calculation of damages contravenes the Ninth Circuit's instruction that the Court shall enter judgment for the Government on all "claims supported by the record." (Mot. to Stay 5:13–21). According to Hage, the Court's damages award accounted for instances of trespass for which the Government failed to provide evidence at trial. (*Id.* 5:22–6:5). Hage asserts that Judge Jones, in his now-vacated order, concluded that the Government failed to establish the thirty additional instances of trespass alleged in the Government's Amended Complaint. (*Id.* 6:3–5). Hage continues that because the Government did not challenge Judge Jones' factual findings on appeal, evidence of the other thirty instances of trespass cannot be said to be "supported by the record." (*Id.* 5:13–21).

In relevant part, the Ninth Circuit issued the following instruction on remand:

> We vacate the judgment with respect to the government's trespass claims and remand for reconsideration under the correct legal standard. Because the government does not challenge the district court's factual findings concerning when cattle under Defendants' control grazed on federal lands, further evidentiary proceedings likely are not needed. The district court shall enter judgment for the government on all claims supported by the record, shall calculate appropriate damages, and shall enter appropriate injunctive relief.

*United States v. Estate of Hage*, 810 F.3d 712, 721 (9th Cir. 2016).

Pursuant to the Ninth Circuit's instruction, the Court ordered the parties to submit briefs answering whether state or federal law provided the basis for a damages calculation. (*See* Order on Mandate, ECF No. 452). Upon holding that federal law supplied the proper method to calculate damages, the Court awarded damages based upon injury to BLM and NFS lands. (*See* Order 11:3, 12:3–13:5, ECF No. 487). Contrary to Hage's assertion, the calculation was not tethered to unsupported instances of trespass. Rather, the Court considered the number of cattle Hage owned during the relevant time frame, to which Hage testified at trial, (Trial Tr. Hage

2111:13–2119:15, ECF No. 349), as well as evidence of the number of months the cattle were placed on BLM-administered and NFS-administered lands. (*See* Order 12:3–13:5, ECF No. 487); (*see also* Hage Trial Tr. 2086:20–2097:10, ECF No. 348); (Plank Trial Tr. 1887:9–1922:25, ECF No. 348); (Kretschmer Trial Tr. 2020:8–2021:6, 2022:18–2023:3, ECF No. 348). In light of the evidence that Hage placed his cattle, (Hage Trial Tr. 2122:7–10, ECF No. 349), as well as others' cattle, (*id.* at 2136:2–24, 2166:23–2174:12, 2175:8–25, 2177:22–2178:21), on federal lands, the Court agreed with the Government that damages could be inferred based upon the cattle Hage owned during the relevant time period. (*See* Gov't Br. 5:22–6:7, ECF No. 467) (citing *Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1006 (9th Cir. 1981) ("[T]he fact that damages are not susceptible to precise measurement does not preclude recovery. In such cases, the factfinder is allowed to make a reasonable inference of damages from the facts adduced, so long as the damages are not based on speculation or guess.")).

The Court's damages award was therefore supported by the record and calculated with reference to the correct legal standard, pursuant to the Ninth Circuit's instruction. Accordingly, Hage's Motion for Relief under Rule 60(b) is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Hage's Motion to Stay Collection of Judgment, (ECF No. 497), is **DENIED**.

**IT IS FURTHER ORDERED** that Hage's Motion for Relief, (*see id.*), is **DENIED**.

**DATED** this ___3___ day of July, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge